The State of Ohio, Appellee, v. Weekly, Appellant.

(No. 1088—Decided May 7, 1945.)

Mr. Raymond O. Morgan, acting prosecuting attorney, and Mr. Alton H. Etling, for appellee.

Mr. George W. Biddle and Mr. K. E. Hoover, for appellant.

Washburn, P. J.   The defendant, Willard Weekly (appellant in this court), was found guilty by a jury of the larceny of a hound dog, and was sentenced by the court to imprisonment in the penitentiary; and the case is before this court on an appeal on questions of law.

Counsel are familiar with the record, and we deem it necessary to simply state our conclusions in reference to the errors about which complaint is made.

First, the admission of the testimony of the witness Charles Ling was error, but in view of the whole record such error was not prejudicial.

Second, the testimony of Oscar Jarvis and his wife was competent..

Third, we hold that a hound dog may be a "thing of value" within the meaning of the general larceny statute (Section 12447, General Code), whether or not the dog is listed for taxation, and notwithstanding Section 5837, General Code, relating to damages for the malicious and unlawful killing of a dog, and therefore it was not error for the trial court to refuse to discharge the defendant as a matter of law.

The claim that a dog is not property and therefore cannot be the subject of larceny grows out of an English common-law conception and pronouncement.

Although the right of property in dogs was protected by common-law civil remedies, that same common law proclaimed that larceny could not be committed of a dog because of the base nature of a dog, which was kept for mere whim and pleasure and was unfit for food and of no intrinsic value; that dogs were not administered as property nor taxed as other property.

When such seemingly inconsistent views were established by the common law, the conditions and circumstances may have been such as to render such reasoning satisfactory; but when applied to present-day conditions, such reasoning is definitely not satisfactory.

Dogs have a prominent place in the history of the development of this country. In Alaska and other parts of the western world, they have a fixed market value as beasts of burden; the breeders of dogs, the trainers of dogs, the dealers in dogs, the hospitals for dogs, the manufacture of foods for dogs—these constitute a substantial business enterprise in every state of the Union; dogs lead the blind and help in the waging of war; they are so helpful to mankind in countless ways as to

be commonly known as man's best friend; they are required to be registered and they are taxed, their owners are made liable for their acts, and in most of the states of the Union, including Ohio, the common-law concept of dogs has been repudiated and changed by statutes. Hence we hold, as hereinbefore stated, that in Ohio a dog may be a subject of larceny under the general larceny statute.

Furthermore, we are of the opinion that the later enactment of an amendment to the taxation laws relating to dogs, which provides in Section 5652-7, General Code, that whoever steals a dog which has been registered should be fined not more than $500 or confined in the county jail for not more than 30 days, did not render inoperative the general larceny statute, but did provide for a greater penalty than under the general statute for the stealing of a dog of the value of *less* than $35, if the prosecution was under the taxation statute.

Fourth. The finding of guilty by the jury is not only not against the weight of the evidence, but on the contrary is fully justified by the evidence in the record.

Fifth. We have no common-law crimes in Ohio. Only such acts are crimes as are made so by statute. Attention is called to the fact that there is no such an offense as "grand larceny" mentioned in the statutes of Ohio. On the question under consideration, the statute merely makes the stealing of anything of value the crime of larceny, and provides a penalty where the value of the property stolen is $35 or more, and a different penalty where the value is under $35.

All the procedure of trials of criminal cases is prescribed by statute. One of such statutes (Section 13448-3, General Code) provides that:

"When an indictment * * * charges an offense against property by larceny, * * * in case the value thereof shall determine the degree of the offense, or shall determine the punishment, the jury, on convic-

tion shall ascertain and declare in their verdict the value of such property.''

This statute, as well as other criminal statutes, is to be strictly construed and applied.

The object and purpose of the Legislature in enacting said law was to require the jury to ''ascertain and declare'' in its verdict a fact which would determine the degree of the offense and the punishment, so as to enable the court to pronounce the sentence required by law; the law having fixed one penalty if the value of the property stolen was ''thirty-five dollars or more,'' and a lesser penalty if it was ''less than that sum.''

In the instant case the jury did not return the verdict required by the statute; it was not furnished such a verdict by the court.

The verdict returned reads, ''We, the jury in this case, duly impaneled and sworn and affirmed, find the defendant, Willard Weekly, guilty of grand larceny, in manner and form as he stands charged in the indictment.''

There being no such statutory offense as ''grand'' larceny, the use of such word in the verdict is of no significance and cannot be considered as a compliance with the plain requirements of said statute; and a consideration of the evidence to ascertain the value of the property cannot be substituted for a finding of fact which the jury is required to ''ascertain and declare'' in its verdict.

The judgment must be reversed solely for the reason that the verdict did not form the predicate for a judgment.

Judgment reversed and cause remanded.

*Judgment reversed.*

DOYLE and STEVENS, JJ., concur.